IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CHRISTINE MAY,                          *

    Plaintiff,                      *

vs.                                     *                CASE NO. 3:19-CV-82 (CDL)

MORGAN COUNTY, *et al.*,                 *

    Defendants.                     *

_____

O R D E R

Christine May owned a home in a residential lakefront subdivision in Morgan County. Although the county zoning ordinance classified her property as single family residential and prohibited short-term rentals, May nevertheless rented out her home for seven days at a time. To clarify the ordinance's prohibition against short-term rentals, the county amended the zoning ordinance and specified that rentals of fewer than thirty days in duration were prohibited. When May persisted in using her home for seven-day rentals, the county prosecuted her for violating the amended ordinance. May responded that her use of her property for short-term rentals prior to the amendment to the zoning ordinance was a lawful nonconforming use that must be grandfathered into the amended ordinance. And thus she argued she was not in violation of the amended ordinance.

May was convicted of violating the ordinance, but her conviction was eventually overturned after it was determined that her use was a lawful nonconforming use because the prior ordinance that purported to prohibit short-term rentals generally, which was in effect when she first began renting her property, was unconstitutionally vague. May now brings this action, asserting federal and state law malicious prosecution claims against Morgan County, the individual members of the county commission, and the deputy sheriff who arrested her.

Defendants filed a motion for judgment on the pleadings, seeking the dismissal of all claims except for May's federal claim against Morgan County. The individual defendants maintain that qualified immunity protects them from liability for the federal claims.  They along with Morgan County argue that they cannot be liable on the state law claim because May was found guilty by the trial court, and under Georgia law a conviction in the trial court establishes probable cause even if it is subsequently overturned. For the reasons explained in the remainder of this Order, the motion for judgment on the pleadings (ECF No. 32) is granted.

JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d

1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* But if it is clear from the pleadings that the non-moving party "would not be entitled to relief" on a claim based on that party's factual allegations, then that claim should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

FACTUAL ALLEGATIONS

May alleges the following facts in support of her claims. The Court must accept these allegations as true for purposes of the pending motion. May referenced several state trial court rulings and appellate opinions in her Amended Complaint. The Court may take judicial notice of these orders for the purpose of recognizing the judicial acts that the orders represent. *E.g., DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 433 (11th Cir. 2019) (per curiam).

May owned a vacation home in Morgan County, Georgia. In 2008, she began renting her home to others, typically for one week at a time. At the time, Morgan County's zoning ordinance

3

did not contain any specific language addressing the duration of
home rentals, so May believed that her rentals were lawful.  Am.
Compl. ¶ 14.  The ordinance stated that the purpose and intent of
the zoning district where May's home was located was "to
encourage the development of low density, single family
residential neighborhoods, and certain uses allied to or
customarily incidental to traditional residential developments
while stressing the preservation of the natural beauty of the
lakeshore line and surrounding land."  *May v. Morgan Cty.*, 807
S.E.2d 28, 31–32 (Ga. Ct. App. 2017) [hereinafter "*May I*"]
(quoting Morgan County Zoning Ordinance § 11.1.1).  The ordinance
listed specific permitted and conditional uses and stated that
"[u]ses that are neither permitted nor conditional are not
allowed, and uses not specifically listed in the table [of
permitted uses] are not allowed in this zoning district."  *Id.* at
32 (quoting Morgan County Zoning Ordinance § 11.1.2).  Short-term
rentals were "neither mentioned nor permitted" in the table of
permitted uses.  *Id.*

Morgan County later took the position that rentals of fewer
than thirty days were prohibited but rentals of thirty days or
more were allowed.  Am. Compl. ¶ 15.  There is no allegation that
Morgan County enforced this zoning ordinance as to some short-
term rentals but not others.  In October 2010, Morgan County
amended its zoning ordinance and explicitly prohibited all

rentals of single-family homes for fewer than thirty consecutive
days. Since May had begun using her property for vacation
rentals before Morgan County enacted the 2010 zoning ordinance,
May thought her nonconforming use was grandfathered and believed
that she could continue to use her property for short-term
vacation rentals. *Id.* ¶ 17.

In August 2011, Morgan County Commission members Andrew
Ainslie, Mack Bohlen, Donald Harris, and Ellen Warren directed
Morgan County deputy sheriff Joseph Pritchett to initiate a
criminal prosecution of May for violating the 2010 zoning
ordinance. Am. Compl. ¶¶ 18-19. In April 2012, after she
received the citation, May filed a civil action in the Superior
Court of Morgan County, seeking a declaration that her short-term
rentals were permitted under the pre-2010 zoning ordinance, that
her short-term rentals were thus grandfathered, and that Morgan
County could not constitutionally enforce the 2010 zoning
ordinance against her. The criminal case was stayed pending a
ruling in the civil action. The Superior Court held a bench
trial in September 2012 and concluded that May's use of her lake
home for short-term rentals was grandfathered, so the 2010 zoning
ordinance's explicit short-term rental prohibition did not apply
to her property. Ainslie, Bohlen, Harris, and Warren decided to
appeal the Superior Court's decision. *Id.* ¶ 21. In 2013, the
Georgia Court of Appeals vacated the superior court's judgment

and remanded so that the superior court could "address the threshold issues of whether May's complaint was barred because she had failed to exhaust her administrative remedies for challenging the zoning ordinance and because she had failed to challenge the ordinance within 30 days of its enactment." *May I*, 807 S.E.2d at 30 (discussing the 2013 Georgia Court of Appeals decision). "On remand, the trial court ruled against May on both threshold issues, and her attempt to appeal that decision to [the Georgia Court of Appeals], and later to the Supreme Court of Georgia, was denied." *Id.* Consequently, as of January 20, 2015, any reasonable person would have concluded that the 2010 ordinance applied to May because her short-term rental operation was not declared a lawful nonconforming use and thus was not grandfathered.

In 2015, after the appeals regarding May's civil action were completed, Morgan County Commission members Ainslie, Harris, Ronald Milton, and Warren decided to revive the criminal prosecution of May for a violation of the 2010 short-term rental ordinance. Am. Compl. ¶ 23. May filed a motion to dismiss the criminal prosecution, arguing consistent with her arguments in her unsuccessful civil action that her use of the property as a short-term rental home was permitted under the pre-2010 zoning ordinance (so the short-term rental use was grandfathered) and, in the alternative, that the pre-2010 zoning ordinance was void

for vagueness (so the short-term rental use was not prohibited
before 2010 and was therefore grandfathered).  *Id.* ¶ 24.  The
superior court denied the motion to dismiss, concluding that the
pre-2010 zoning ordinance prohibited the short-term rental of
May's home, so the use of her property for rental purposes was
not grandfathered after the enactment of the 2010 ordinance.  *May
I*, 807 S.E.2d at 30.  The superior court did not address May's
alternative argument that the pre-2010 ordinance was
unconstitutionally vague and thus void such that her rentals were
permissible before 2010, and therefore, that nonconforming use
was lawful and must be grandfathered.[1]  The superior court found
May guilty of violating the 2010 ordinance, and sentenced May to
one month in jail.  Am. Compl. ¶ 49.  She served two days and two
nights in jail.  *Id.* ¶ 51.  May appealed.[2]  Ainslie, Harris,

---

[1] Citing the Georgia rule on time limits for collateral attacks on
zoning decisions, the superior court determined that May could not
challenge the constitutionality of the 2010 ordinance as applied to
her property because she did not raise a constitutional attack within
thirty days of the ordinance's adoption.  The superior court apparently
concluded that since it could not decide May's 2012 civil action
challenging the constitutionality of the zoning ordinance as applied to
her rentals because that action was considered an untimely appeal of a
final zoning decision, it also could not consider the constitutional
challenge when it was presented in the form of an affirmative defense
to a criminal prosecution under the ordinance.  *See* Order Den. Def.'s
Mot. to Dismiss 8-9, Civil Action No. 2015CA28, Nov. 17, 2015, ECF No.
16-6 in 3:15-CV-52.

[2] May also filed a civil action in this Court, seeking a declaration
that she had a grandfathered right to rent her property for periods of
fewer than thirty days.  While that action was pending, the superior
court issued an order finding that May's seven-day rentals were
unlawful under the pre-2010 zoning ordinance, so the use was not
grandfathered.  *See generally* Order Den. Def.'s Mot. to Dismiss, Civil
Action No. 2015CA28, Nov. 17, 2015, ECF No. 16-6 in 3:15-CV-52.  This

Milton, and Warren authorized the County's attorney to oppose the appeal.   In 2017, the Georgia Court of Appeals concluded that "the pre-2010 zoning ordinance prohibited May's short-term rental of her lake home" but remanded the case so the superior court could consider May's argument that the ordinance was unconstitutionally vague as applied to her conduct.   *May I*, 807 S.E.2d at 32-34.

On remand from the Georgia Court of Appeals, the superior court dismissed the citation, concluding that the pre-2010 zoning ordinance "was unconstitutionally vague as applied to short-term rentals of the sort at issue; that consequently, there was no zoning ordinance prohibiting such rentals when May began renting her house; and that her use of her house for such rentals was therefore grandfathered so that the explicit prohibition of that use under the amended ordinance does not apply to her property." *Morgan Cty. v. May*, 824 S.E.2d 365, 367 (Ga. 2019) [hereinafter *May II*].   Ainslie, Harris, and Milton authorized the County's attorney to appeal this ruling to the Georgia Supreme Court.   Am. Compl. ¶ 27.   The Georgia Supreme Court affirmed:

---

Court concluded that May's claims were barred by the *Rooker-Feldman* doctrine and collateral estoppel.   *See generally May v. Morgan Cty.*, No. 3:15-CV-52 (CAR), 2016 WL 5662021 (M.D. Ga. Sept. 29, 2016) (Royal, J.).   The Eleventh Circuit affirmed, finding that the *Rooker-Feldman* doctrine barred May's civil action. *May v. Morgan Cty.*, 878 F.3d 1001, 1007 (11th Cir. 2017) (per curiam).   Neither this Court nor the Eleventh Circuit addressed the merits of May's claim that she had a constitutionally protected, grandfathered right to use her vacation home for seven-day rentals.

> [W]e agree with the trial court's determination that
> the County's old zoning ordinance was
> unconstitutionally vague as applied to seven-night
> rentals of May's property. As a result, the old
> ordinance cannot be applied to that use of May's
> property, meaning that her use of her house for such a
> rental was grandfathered and not subject to the short-
> term rental ban in the amended ordinance. May's
> criminal citation for violating the amended ordinance
> was properly dismissed.

*May II*, 824 S.E.2d at 368.  May then brought this action,

asserting claims against the County and the individual Defendants

(County Commission members Ainslie, Bohlen, Harris, Milton, and

Warren and deputy sheriff Pritchett) for malicious prosecution

under 42 U.S.C. § 1983 and Georgia law.  Defendants contend that

the individual Defendants are entitled to qualified immunity on

the § 1983 claims and that all the state law claims must be

dismissed.

DISCUSSION

## I.   May's § 1983 Claims Against the Individual Defendants

May asserts § 1983 malicious prosecution claims under the

Fourth Amendment against the individual Defendants.   The

individual Defendants argue that they are entitled to qualified

immunity.   "Qualified immunity shields public officials from

liability for civil damages when their conduct does not violate a

constitutional right that was clearly established at the time of

the challenged action."   *Laskar v. Hurd*, 972 F.3d 1278, 1284

(11th Cir. 2020) (quoting *Echols v. Lawton*, 913 F.3d 1313, 1319

(11th Cir. 2019)).   To receive qualified immunity, an official

9

must establish that the challenged action was within the official's discretionary authority. *Id.* May does not dispute that the officials acted within their discretionary authority, so she must establish that they are not entitled to qualified immunity from her claim of malicious prosecution. To do that, May must demonstrate that the individual Defendants "(1) violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Id.* (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)).

"'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing' is unlawful." *Wesby*, 138 S. Ct. at 589 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). So, "existing law must have placed the constitutionality of the officer's conduct 'beyond debate.'" *Id.* (quoting *al-Kidd*, 563 U.S at 741). "This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." *Id.* "It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to

establish the particular rule the plaintiff seeks to apply." *Id.*
at 590.  "Otherwise, the rule is not one that 'every reasonable
official' would know." *Id.* (quoting *Reichle v. Howards*, 566 U.S.
658, 664 (2012).  And, the "rule's contours must be so well
defined that it is 'clear to a reasonable officer that his
conduct was unlawful in the situation he confronted.'" *Id.*
(quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Here, May contends that the individual Defendants violated
her clearly established Fourth Amendment rights when they pursued
her prosecution for violating the 2010 zoning ordinance.   A
Fourth Amendment claim for malicious prosecution is "'shorthand'
for a claim of deprivation of liberty pursuant to legal process."
*Laskar*, 972 F.3d at 1292.   To maintain a § 1983 malicious
prosecution claim, May must prove "(1) that the defendant
violated [her] Fourth Amendment right to be free from seizures
pursuant to legal process and (2) that the criminal proceedings
against [her] terminated in [her] favor." *Luke v. Gulley*, 975
F.3d 1140, 1144 (11th Cir. 2020) (simplifying the standard for
malicious prosecution into two elements).   To establish that the
individual Defendants violated her Fourth Amendment right to be
free from seizures pursuant to legal process, May must show "that
the legal process justifying [her] seizure was constitutionally
infirm" and that her "seizure would not otherwise be justified
without legal process." *Williams v. Aguirre*, 965 F.3d 1147, 1165

(11th Cir. 2020).  May can satisfy this burden by establishing that the officials who pursued the arrest knew that there was no probable cause for the arrest.  *Id.*

May alleges that in prosecuting her for violating the 2010 ordinance, the individual Defendants knew there was no probable cause for her arrest and thus violated clearly established law. She points out that the Eleventh Circuit has held that qualified immunity does not apply to Fourth Amendment claims if the defendants did not have a reasonable suspicion to believe that the plaintiff engaged in any criminal activity.  *See, e.g., Thornton v. City of Macon*, 132 F.3d 1395, 1400 (11th Cir. 1998) (per curiam) (affirming denial of officers' summary judgment motion on qualified immunity grounds because no reasonable officer could have concluded under the facts presented that either arrestee committed felony obstruction of a law enforcement under Georgia law); *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995) (per curiam) (reversing grant of officer's summary judgment motion on qualified immunity grounds because no reasonable officer could have believed, based only on the information he had, that the arrestee committed a crime by taking photographs at a festival).  May does not seriously dispute that if her short-term rentals were not grandfathered, then her conduct violated the 2010 short-term rental zoning ordinance. But if the use of her house for seven-night rentals was

grandfathered, then she was not subject to the 2010 ordinance's short-term rental ban. So, for purposes of the qualified immunity analysis, the key question is whether it was sufficiently clear to every reasonable official in the individual Defendants' position that the 2010 ordinance could not be enforced against May.

Under Georgia law, a use of property that does not conform to a current zoning ordinance may be grandfathered such that the prohibition in the current ordinance does not apply as long as the nonconforming use was lawful at the time it began. *See, e.g., Rockdale Cty. v. Burdette*, 604 S.E.2d 820, 822 (Ga. 2004) (explaining what constitutes a pre-existing nonconforming use). Here, the pre-2010 ordinance prohibited all short-term rentals, which could reasonably be expected to include seven-day rentals. Thus, when May's prosecution here was initiated, it was not unreasonable to conclude that May's prior use was unlawful under the old ordinance, and accordingly, this continued nonconforming use could not be grandfathered after the enactment of the amended ordinance. This conclusion was bolstered by the legal rulings in May's civil action that sought unsuccessfully to invalidate the old ordinance. In reliance upon those rulings, the individual Defendants pursued the prosecution. The question then becomes whether their pursuit of the prosecution under those circumstances violated clearly established law in light of the

13

ultimate   determination   that   the   old   ordinance   was
unconstitutionally vague and thus void.

The Supreme Court has stated: "Police are charged to enforce
laws   until   and   unless   they   are   declared   unconstitutional."
*Michigan v. DeFillippo*, 443 U.S. 31, 38 (1979).[3]  "The enactment
of   a   law   forecloses   speculation   by   enforcement   officers
concerning its constitutionality—with the possible exception of a
law so grossly and flagrantly unconstitutional that any person of
reasonable prudence would be bound to see its flaws." *Id.*  Thus,
the Supreme Court has concluded that the fact that an ordinance
was found invalid on vagueness grounds after an arrest was made
under it did not "undermine the validity of the arrest made for
violation of that ordinance." *Id.* at 40.  So if an ordinance
that was not declared unconstitutional until after an arrest is
not grossly and flagrantly unconstitutional, then the arresting
official is entitled to qualified immunity. *Id.* at 40; *accord*

---

[3] May argues that *DeFillippo* is no longer good law, citing *Malley v.
Briggs*, 475 U.S. 335 (1986) and *Blue v. Lopez*, 901 F.3d 1352 (11th Cir.
2018).  Neither case involved a prosecution under a law that was later
declared unconstitutional.   Rather, the Supreme Court in *Malley*
concluded that an officer is not shielded by qualified immunity if a
reasonable officer in his position would have known that his arrest
warrant affidavit failed to establish probable cause and that he thus
should not have applied for it—even if a magistrate signed the warrant
despite its lack of probable cause.  *Malley*, 475 U.S. at 345.   The
Eleventh Circuit in *Blue* was presented with the question whether the
district court erred when it granted summary judgment to an officer
based solely on a state law rule that denial of a motion for directed
verdict in a criminal trial conclusively establishes the existence of
probable cause.   *Blue*, 901 F.3d at 1354.   The Eleventh Circuit
concluded that the rule did not apply in a § 1983 malicious prosecution
action   and   remanded   for   a   determination   of   whether   the   officer
established probable cause based on the facts.  *Id.* at 1360.

*Cooper v. Dillon*, 403 F.3d 1208, 1220 (11th Cir. 2005) (finding that an officer was entitled to qualified immunity on an arrestee's Fourth Amendment § 1983 claim because the statute under which the arrest was made had not been declared unconstitutional at the time of the arrest and because reasonable public officials could have differed as to the constitutionality of the statute).  But qualified immunity does not apply if the law is "so grossly and flagrantly unconstitutional" that any reasonable official would decline to enforce it.  *DeFillippo*, 443 U.S. at 38.

May argues that no reasonable official could conclude that probable cause existed for her prosecution under the 2010 zoning ordinance because every reasonable officer would know that her short-term rentals were grandfathered and therefore protected. As alluded to previously, in Georgia, a nonconforming but "protected . . . use is ordinarily defined as a use which lawfully existed prior to the enactment of a zoning ordinance, or of an amendment to a theretofore existing zoning ordinance, and which therefore may be maintained after the effective date of the ordinance or amendment although it does not comply with the zoning restrictions applicable to the area." *Burdette*, 604 S.E.2d at 822 (quoting 4 Rathkopf, The Law of Zoning and Planning § 72.1).  To demonstrate a grandfathered, nonconforming use, a property owner must show that the land was used for the

nonconforming purpose before the enactment (or amendment) of the zoning ordinance. *See id.* (concluding that land that was legally used as a used car lot before a zoning amendment that would have restricted such use was a preexisting use that was grandfathered after enactment of the amendment). Here, because the "pre-2010 zoning ordinance prohibited May's short-term rental of her lake home," *May I*, 807 S.E.2d at 32, an official in the individual Defendants' position at the time of May's prosecution could reasonably conclude that May had no grandfathered right to use her property for short-term rentals. So, a reasonable official could determine, at least before the Georgia Supreme Court's 2019 decision, that probable cause existed for May's prosecution under the 2010 ordinance. For that reason, it was not clearly established at the time of May's prosecution that she had a grandfathered right to use her property for short-term rentals, and the individual Defendants are entitled to qualified immunity.

May nonetheless argues that it was obvious that the pre-2010 ordinance was void for vagueness, that there was thus no valid pre-2010 ordinance prohibiting her rentals, and that her short-term rentals were lawful before 2010 and therefore grandfathered. The individual Defendants assert that reasonable officials could differ on these issues and that they could not have known that May might have a grandfathered right to use her home for seven-night rentals until the Georgia Supreme Court said so years after

May's conviction.  When they pursued May's prosecution under the 2010 ordinance, the individual Defendants had no reason to doubt that the 2010 ordinance, which clearly prohibited seven-day rentals, was constitutional.  The remaining question is whether every reasonable official in the individual Defendants' position would have understood, before the Georgia Supreme Court's 2019 ruling, that the pre-2010 ordinance was void for vagueness such that May had a grandfathered right to use her home for seven-night rentals.

It is clear that to satisfy due process, a challenged ordinance must "give a person of ordinary intelligence fair warning that specific conduct is forbidden or mandated and provide sufficient specificity so as not to encourage arbitrary and discriminatory enforcement."  *May II*, 824 S.E.2d at 367 (quoting *Parker v. City of Glennville*, 701 S.E.2d 182, 184 (Ga. 2010)).  "The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'"  *Johnson v. United States*, 576 U.S. 591, 595 (2015) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).  So, ordinances which permit conduct that falls within a certain timeframe but criminalize conduct that falls outside it are routinely found to be impermissibly vague if they fail to provide

explicit guidelines on what the relevant timeframe is. *See,
e.g., Bullock v. City of Dallas*, 281 S.E.2d 613, 615 (Ga. 1981)
(concluding that a loitering ordinance failed in part because it
had "no specified time for the violation," so "criminal liability
may arise from a pause of 15 seconds, one to five minutes . . . ,
15 minutes, or 5 hours apparently totally within the discretion
of the police officer").

As discussed above, the pre-2010 ordinance stated that the
purpose of LR-1 District, where May's home was located, was "to
encourage the development of low density, single family
residential neighborhoods, and certain uses allied to or
customarily incidental to traditional residential developments
while stressing the preservation of the natural beauty of the
lakeshore line and surrounding land." *May I*, 807 S.E.2d at 31-
32. The ordinance contained a section on permitted and
conditional uses and stated: "Uses that are neither permitted nor
conditional are not allowed, and uses not specifically listed in
the table [of permitted and conditional uses] are not allowed in
this zoning district." *Id.* at 32. Short-term rentals were
"neither mentioned nor permitted under" the table of permitted
and conditional uses, so the superior court and the Georgia Court
of Appeals concluded that the "pre-2010 ordinance prohibited
May's short-term rental of her lake home." *Id.* Simply reading
the language of the ordinance would not put a reasonable official

on notice that it might be unconstitutionally vague as applied to seven-night rentals. The problem, which the Georgia Supreme Court recognized in 2019, was that "the County took the position that fewer-than-30-day rentals were prohibited but rentals for 30 days or longer were permitted," even though the ordinance "contained no language regarding the permissible duration for rentals of houses like May's, much less any sort of ban on rentals for fewer than 30 days." *May II*, 824 S.E.2d at 366-67. Therefore, the Georgia Supreme Court concluded that the pre-2010 zoning ordinance "was unconstitutionally vague as applied to seven-night rentals of May's property," so her use of her house for such a rental was grandfathered and not subject to the short-term rental ban in the amended ordinance." *Id.* at 368.

Even if all reasonable officials would know that they could not enforce the pre-2010 ordinance against May's seven-night rentals if they allowed longer short-term rentals, the Court is not convinced that every reasonable official in the individual Defendants' position would know that their proposed-but-not-acted-upon enforcement scheme for the pre-2010 ordinance would render that ordinance unconstitutionally vague until the Georgia Supreme Court said so in 2019. Again, the plain language of the pre-2010 ordinance prohibited all short-term rentals and was not ruled unconstitutional until 2019; reading the language of the ordinance would not put every reasonable official on notice that

the rental prohibition was unconstitutionally vague.  It was the proposed application of the ordinance to some short-term rentals but not others that made it vague.  But there is no allegation that the County arbitrarily attempted to enforce the pre-2010 against some short-term rentals but not others.[4]  So, until the Georgia Supreme Court found that the County's "position that fewer-than-30-day rentals were prohibited but rentals for 30 days or longer were permitted" rendered the pre-2010 ordinance unconstitutionally vague, it is not clear that every reasonable official would have reached the same conclusion.  And, if reasonable officials could differ on this issue, then it could not have been obvious to every reasonable official that May's pre-2010 rentals would have been considered grandfathered—that she had a lawful but nonconforming use of her home for seven-night rentals before enactment of the 2010 ordinance. Accordingly, the Court is not convinced that every reasonable official in the individual Defendants' position would have concluded, before the Georgia Supreme Court's 2019 decision, that May's use of her home for seven-night rentals was grandfathered and that she could thus not be prosecuted under the 2010 zoning ordinance.  Given all this uncertainty, the Court cannot find

---

[4] The Georgia Supreme Court's opinion suggests that at least some County officials had concerns about the legality of enforcing the pre-2010 ordinance against vacation rentals and determined that the rule needed to be more concrete so that use could be regulated.  *May II*, 824 S.E.2d at 367 n.4.

that the 2010 zoning ordinance was so grossly and flagrantly unconstitutional as applied to May that any reasonable official would decline to enforce it.  Thus, the Court concludes that May has not met her burden of demonstrating that it was clearly established before 2019 that she was exempt from prosecution under the 2010 zoning ordinance.  The individual Defendants are entitled to qualified immunity on May's Fourth Amendment § 1983 claim.

## II.  May's State Law Claims

In addition to her malicious prosecution claim under § 1983, May asserts a malicious prosecution claim under Georgia law.  To establish such a claim, the plaintiff must prove that a prosecution was instituted maliciously, without probable cause, and that the prosecution terminated in the plaintiff's favor.  *See, e.g.,* O.C.G.A. § 51-7-40 (defining malicious prosecution cause of action); *see also Condon v. Vickery*, 606 S.E.2d 336, 339 (Ga. Ct. App. 2004) (listing elements for state law malicious prosecution claim).  In Georgia, a conviction conclusively establishes probable cause that bars a state law malicious prosecution claim even if it is overturned on appeal, unless "the judgment in the original action is obtained by fraud, perjury, or subornation." *Condon*, 606 S.E.2d at 339 (quoting *Ga. Loan & Trust Co. v. Johnston*, 43 S.E. 27, 28 (Ga. 1902)).  Here, May contends that she was prosecuted and convicted even though the

complaining witnesses knew that she did not violate the 2010 ordinance.  But there is no dispute that she was convicted of violating the ordinance.  And while May asserts that the County may have engaged in misleading conduct before the superior court, she does not argue that anyone lied about the facts; everyone agrees that May rented her house for fewer than thirty days at a time.  The remaining question for the superior court was a legal one: did May's conduct support her conviction and sentence under the law?  May does not allege that her conviction and sentence were obtained through fraud on the superior court or subornation. At most, she suggests that the County's lawyers made legal arguments that invited the superior court to err in reaching its conclusion that May should be convicted and sentenced to jail for her conduct.  May did not point to any Georgia authority that there is an exception to Georgia's "conviction establishes probable cause" rule under such circumstances, and the Court is not permitted to rewrite Georgia law.  Accordingly, the Court grants Defendants' motion to dismiss May's state law malicious prosecution claims.

CONCLUSION

For the reasons set forth above, Defendants' motion for judgment on the pleadings (ECF No. 32) is granted.  May's § 1983 claim against Morgan County remains pending.  The stay of

discovery is lifted.  Within fourteen days of today's order, the parties shall submit a joint proposed amended scheduling order.

IT IS SO ORDERED, this 2nd day of November, 2020.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA