IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHRISTINE MAY, | * |
|     Plaintiff, | * |
| vs. | *     CASE NO. 3:19-CV-82 (CDL) |
| MORGAN COUNTY, | * |
|     Defendant. | * |

O R D E R

Christine May was convicted of violating a Morgan County ordinance that prohibited short-term rentals of single-family residential homes. The Superior Court judge sentenced May to thirty days in jail, and she served two days. May's conviction was eventually overturned on appeal, and she now asserts a federal malicious prosecution claim against Morgan County under 42 U.S.C. § 1983. The County contends that it is entitled to summary judgment on the issue of liability. So does May. For the reasons set forth below, the Court finds that May did not establish that Morgan County subjected her to a seizure within the meaning of the Fourth Amendment. Without a Fourth Amendment seizure, May's § 1983 malicious prosecution claim fails. Accordingly, the county's summary judgment motion (ECF No. 60) is granted, and May's summary judgment motion (ECF No. 63) is denied.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

May is a real estate agent from New Jersey. She owned a vacation home in Morgan County, Georgia. Between 2009 and 2016, May rented her home to others on a short-term basis. Her property was zoned LR-1, "Lakeshore Low Density Residential." Def.'s Mot. for Summ. J. Ex. A, 2005 Morgan Cnty. Zoning Ordinance, ECF No. 60-6 at 163. The zoning ordinance, promulgated in 2005 and in effect until October 2010, stated that the purpose and intent of the zoning district where May's home was located was "to encourage the development of low density, single family residential neighborhoods, and certain

2

uses allied to or customarily incidental to traditional residential developments while stressing the preservation of the natural beauty of the lakeshore line and surrounding land." *Id.* § 11.1.1. The ordinance listed specified permitted and conditional uses and stated that uses "that are neither permitted nor conditional are not allowed, and uses not specifically listed in the table are not allowed in this zoning district." *Id.* § 11.1.2. Single-family detached dwellings were permitted under the ordinance. *Id.* Table 1.1, ECF No. 60-6 at 169. Bed and breakfast establishments were conditionally permitted, subject to county approval, and hotels and motels were not permitted. *Id.*, ECF No. 60-6 at 168, 170. The ordinance did not explicitly address short-term rentals of single-family dwellings; they were neither mentioned nor permitted in the table of permitted uses.

In October 2007, the Morgan County Planning and Development Department ("Planning Department") cited homeowner Douglas Nelms for using his residential property for "nightly rentals." Holt Aff. ¶ 4, ECF No. 60-15. A Morgan County magistrate judge presided over the code enforcement action against Nelms and found that Nelms "was renting his residential property for periods much less than thirty days." *Id.* ¶ 5. The magistrate judge concluded that because the zoning ordinance did not specifically allow short-term vacation rentals, such use was

3

prohibited. *Id.* ¶¶ 7-8. The magistrate judge advised Nelms "in open court that his residential home could be used for monthly rentals, or greater, but not for rental of less than 30 days." *Id.* ¶ 9. The magistrate judge found Nelms guilty of a code violation and sentenced him to a fine. *Id.* ¶ 10. It is undisputed that the 2005 ordinance did not specify that thirty-day rentals were permitted. At some point, the magistrate judge told Morgan County officials that the ordinance needed to be revised and clarified. Holt Dep. 17:1-6, ECF No. 63-10.

In 2009, the Planning Department began receiving complaints from members of the community, including May's neighbors, regarding noise, crowds, and litter associated with short-term rentals. Barker Dep. 16:18-24, 23:11-18, ECF No. 63-9; *see also* Jarrell Dep. 73:10-74:9, ECF No. 63-4 (stating that May's neighbor called the Planning Department to complain about the comings and goings at May's property "[p]retty much every Monday"). An assistant planner in the Planning Department sent "cease and desist" letters to residential property owners, including May, who were suspected of engaging in "vacation or short term rentals" of less than 30 days. *See* Pl.'s Dep. Pl.'s Ex. 7, Letter from D. Peck to C. May (July 9, 2009), ECF No. 63-14 at 38. The letter stated that the Morgan County magistrate judge had ruled in 2007 "that any rental less than a 30 day time period was considered a vacation rental or short term rental and

4

that it was a violation of the Morgan County Zoning Ordinance." *Id.* The letter warned that if vacation or short-term rentals continued, a citation would be issued. It is undisputed that most property owners, upon receiving the warning, stopped renting their homes for periods of fewer than thirty days. May, who had repeatedly rented her vacation home to persons for fewer than thirty days as part of her financial plan to pay for the property, believed that the 2005 ordinance was unconstitutionally vague and could not be applied to her.

In July 2010, the Morgan County Planning Commission held a meeting to discuss amending the zoning ordinance. A Planning Department staff member stated that given the lack of specific language in the 2005 ordinance regarding short-term rentals, the staff and county attorney "felt as if the County needed something more concrete in the Zoning Ordinance so that the use could be regulated." Pl.'s Dep. Pl.'s Ex. 9, Morgan Cnty. Planning Comm'n Minutes 7 (July 22, 2010), ECF No. 63-14 at 63; *see* Jarrell Dep. 64:17-65:1 (director of Planning Department stating that he "did not feel like it was a concern" to enforce the 2005 ordinance but agreed that the ordinance needed to be drafted to "better regulate" and "better enforce any concerns"). In September 2010, Planning Department staff presented a report to the Morgan County Board of Commissioners regarding a proposed vacation rental ordinance. The report stated that language

5

regarding vacation rentals "Does not Exist" in the 2005 ordinance and that the county attorney had advised the Planning Department staff that the 2005 ordinance had "no official regulations . . . regarding vacation rentals." Pl.'s Dep. Pl.'s Ex. 10, Staff Report 1-2 (Sept. 9, 2010), ECF No. 63-14 at 68-69.  The report noted that the Planning Department "needed something more concrete" in the ordinance "to be able to more strictly enforce regulations on vacation rentals." *Id.* at 2.

In October 2010, Morgan County amended its zoning ordinance.  The amended ordinance explicitly prohibits all rentals of single-family homes for fewer than thirty consecutive days.  Def.'s Mot. for Summ. J. Ex. N, 2010 Morgan Cnty. Zoning Ordinance Chapter 15.35, ECF No. 60-19.  The 2010 ordinance defines short-term rentals as renting single-family dwellings "where the term of occupancy, possession, or tenancy is less than thirty (30) consecutive calendar days." *Id.* § 15.35.1.  It states that short-term rentals "are prohibited in all zoning districts, except where specifically allowed as a conditional use." *Id.* § 15.35.2(a).

Because May began using her property for vacation rentals before Morgan County enacted the 2010 ordinance, May believed that she had a grandfathered right to use her property for short-term vacation rentals.  Morgan County's Planning Department staff disagreed because they believed that short-term

6

rentals for periods of less than thirty days were already forbidden under the 2005 ordinance. Jarrell Dep. 44:10-13; Cooner Dep. 9:24-10:3, ECF No. 63-11. May continued short-term rentals of her home. In December 2010, Morgan County's attorney sent May a cease-and-desist letter instructing her to stop "the short-term rental" of her property. Pl.'s Dep. Def.'s Ex. 13, Letter from C. Henry to C. May 1 (Dec. 16, 2020), ECF No. 60-5 at 146. The letter quoted the 2010 ordinance and stated that "any further short-term rental of [her] property in violation of the zoning ordinance may subject" May to penalties. *Id.* at 1-2.

On August 11, 2011, a code enforcement officer served May with a citation for violating the 2010 short-term rental ordinance during the previous week. May and her son told the officer that May had a vested interest in continuing short-term rentals. May also claimed that the individuals who had been at her house the prior week were family friends, not renters. The family friends, though, signed a reservation agreement that detailed the rental rate and the deposit for the vacation. May Dep. Def.'s Ex. 17, Letter from C. May to K. Lumpkin (Apr. 25, 2011), ECF No. 60-5 at 161; May Dep. 73:21-75:3, ECF No. 60-3 (acknowledging that the Lumpkins were renters, not friends). May was not arrested at the time. She requested a jury trial, and her code enforcement case was transferred to the Superior Court. Nothing further happened in that case until 2015.

In 2012, May filed a civil action in the Superior Court of Morgan County, seeking a declaration that her short-term rentals were permitted under the pre-2010 ordinance, that her short-term rentals were thus grandfathered, and that Morgan County could not constitutionally enforce the 2010 ordinance against her. She also asserted a claim for damages under 42 U.S.C. § 1983. The Superior Court held a bench trial in September 2012 and later entered an order concluding, without discussion, that May's use of her lake home for short-term rentals was grandfathered such that the 2010 ordinance's explicit short-term rental prohibition did not apply to her property. May Dep. Def.'s Ex. 21, Order 1-2 (Morgan Cnty. Super. Ct. Jan. 17, 2013), ECF No. 60-5 at 194-195. The judge dismissed the § 1983 claim and declined to award May damages and attorney's fees. *Id.* at 2. Both sides appealed.

The Georgia Court of Appeals vacated the Superior Court's judgment and remanded so that the Superior Court could address the threshold issues of whether May's complaint was barred because she had failed to exhaust her administrative remedies for challenging the zoning ordinance and because she had failed to challenge the 2010 ordinance within 30 days of its enactment. May Dep. Def.'s Ex. 22, Opinion 6-9 (Ga. Ct. App. Sept. 12, 2013), ECF No. 60-5 at 202-205. On remand, the Superior Court ruled against May on both threshold issues, concluding that all

8

her claims failed and entering judgment in favor of Morgan County. Def.'s Mot. for Summ. J. Ex. V, J. & Order in Def.'s Favor on Threshold Issues (Morgan Cnty. Super. Ct. Apr. 1, 2014), ECF No. 60-27. May attempted to appeal the decision to the Georgia Court of Appeals and the Supreme Court of Georgia, but her appeal was denied. *May v. Morgan Cnty.*, 807 S.E.2d 28, 30 (Ga. Ct. App. 2017) (noting history of May's attempted appeals). After the Superior Court civil case concluded, Morgan County Planning Department staff placed a sign on the public right-of-way near May's property stating that short-term renting was unlawful.

In February 2015, May, who was represented by counsel, tendered a rezoning application asking Morgan County to recognize her "grandfathered right" to rent her property for periods of less than thirty days. May Dep. Def.'s Ex. 24, Rezoning Application Am. Description of Request for Rezoning 1, ECF No. 60-5 at 219. May completed the application to satisfy administrative procedures even though she did not believe the 2010 ordinance applied to her and she did not believe her application would be granted. On April 7, 2015, the Morgan County Board of Commissioners voted to deny May's rezoning request. They also denied May's request for a declaration of rights that she had a grandfathered right to continue renting her home for terms shorter than thirty days.

9

After Morgan County denied May's rezoning application, May's code enforcement action resumed. May agreed that the only issues for determination were legal issues for the Superior Court to decide without a jury. May, who was represented by counsel, filed a motion to dismiss the action based on her argument that she had a grandfathered right to continue short-term rentals of her property. The Superior Court held a hearing on the motion and issued a written order denying the motion to dismiss.[1] Def.'s Mot. for Summ. J. Ex. W, Order Den. Def.'s Mot. to Dismiss (Morgan Cnty. Super. Ct. Nov. 17, 2015), ECF No. 60-28. The Superior Court found that May's short-term rentals were not permitted under the 2005 ordinance, so such use was not grandfathered after enactment of the 2010 ordinance. *Id.* at 3-8. The Superior Court did not address May's alternative argument that the 2005 ordinance was unconstitutionally vague and thus void such that her rentals were permissible before 2010.

On March 23, 2016, the Superior Court judge found May guilty of violating Morgan County's short-term rental ordinance. Def.'s Mot. for Summ. J. Ex. X, Misdemeanor Sentence (Morgan

---

[1] May argues that the facts regarding the code enforcement action—including her conviction—are irrelevant because the Superior Court dismissed May's criminal citation in 2018 and the Georgia Supreme Court affirmed that decision in 2019. Contrary to May's assertion, the facts regarding the code enforcement action are relevant; as discussed below, May was not arrested or confined until after she was convicted and sentenced by the Superior Court judge.

10

Cnty. Super. Ct. Mar. 23, 2016), ECF No. 60-29. At the sentencing hearing, May testified that she only rented her property for thirty-day periods. The Superior Court judge stated that May's testimony did not "come across . . . as an attempt to be forthright and truthful;" instead, it came "across as an attempt to game the system." Def.'s Mot. for Summ. J. Ex. S, Hr'g Tr. 59:23-60:1 (Morgan Cnty. Super. Ct. Mar. 23, 2016), ECF No. 60-24. The Superior Court judge sentenced May to a $500 fine and six months of confinement, with the first thirty days to serve in jail. May's attorney asked the judge to reconsider the jail time, and the judge responded: "I hear what you're asking and I do appreciate the diligent job that you've done in representing Ms. May. But I will be honest with you, based on everything I've heard and read in the case, I'm not sure anything is going to get her attention except to spend some time in the Morgan County jail and that's why I've done that." Hr'g Tr. 62:2-8. The judge also denied May's request to be released on her own recognizance pending appeal.[2] May served two days and

---

[2] In 2015, May filed an action in this Court, seeking a declaration that she had a grandfathered right to continue short-term rentals of her property. While that case was pending, May's code enforcement action continued. By the time this Court ruled on the parties' summary judgment motions, the Superior Court had rendered its decision in the code enforcement matter. Thus, the Court concluded that *Rooker-Feldman* doctrine and collateral estoppel barred May from relitigating in this Court whether she had a grandfathered right to rent the property on a short-term basis. *May v. Morgan Cnty.*, No. 3:15-CV-52 (CAR), 2016 WL 5662021, at *7 (M.D. Ga. Sept. 29, 2016) Royal, J.), *aff'd*, 878 F.3d 1001 (11th Cir. 2017).

two nights in jail. May appealed her conviction and sentence to the Georgia Court of Appeals, and the Superior Court judge granted her motion for a supersedeas bond. Shortly after that, May agreed to stop renting her house, and she sold the property.

The Georgia Court of Appeals concluded "that the pre-2010 zoning ordinance prohibited May's short-term rental of her lake home." *May*, 807 S.E.2d at 32. But the Court of Appeals found that the Superior Court erred when it failed to consider May's contention that the ordinance was unconstitutionally vague as applied to her conduct; the Court of Appeals vacated the trial court's judgment and remanded for consideration of that issue. *Id.* at 33.

On remand from the Georgia Court of Appeals, the Superior Court dismissed the citation, concluding that the pre-2010 ordinance "did not provide fair warning of the prohibited conduct and allowed for arbitrary enforcement" and was thus "void for vagueness" and unconstitutional. Def.'s Mot. for Summ. J. Ex. P, Order 8 (Morgan Cnty. Super. Ct. May 31, 2018), ECF No. 60-21. Accordingly, the Superior Court found that "May's use of her home for short-term rentals was grandfathered" and the prohibition of short-term rentals under the 2010 ordinance did not apply to her property. *Id.* Morgan County appealed. The Georgia Supreme Court affirmed, concluding that the county's "old zoning ordinance was unconstitutionally vague

as applied to seven-night rentals of May's property." *Morgan Cnty. v. May*, 824 S.E.2d 365, 368 (Ga. 2019). As a result, the ordinance could not "be applied to that use of May's property, meaning that her use of her house for such a rental was grandfathered and not subject to the short-term rental ban in the amended ordinance." *Id*. Thus, "May's criminal citation for violating the amended ordinance was properly dismissed." *Id.*

## DISCUSSION

May asserts a Fourth Amendment malicious prosecution claim against Morgan County under 42 U.S.C. § 1983. A county may be held liable under § 1983 if its policy or custom was the "'moving force' behind a constitutional injury." *Grochowski v. Clayton Cnty.*, 961 F.3d 1311, 1321 (11th Cir. 2020) (quoting *Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020)). To prevail on her § 1983 claim against Morgan County, May must show that her "constitutional rights were violated," that the county "had a custom or policy that constituted deliberate indifference to that constitutional right," and "that the policy or custom caused the violation." *Id.* (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).

The Fourth Amendment protects individuals "against unreasonable searches and seizures" and requires that no arrest warrant shall issue without "probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. The Eleventh Circuit

has concluded that the Fourth Amendment's right against unreasonable seizures includes a right "to be free from an unreasonable seizure as a result of a malicious prosecution." *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020). "To establish a federal claim for malicious prosecution under § 1983, a plaintiff must prove (1) the elements of the common-law tort of malicious prosecution and (2) a violation of [her] Fourth Amendment right to be free from unreasonable seizures." *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018).

Here, the parties' briefing focuses mostly on the elements of a state law malicious prosecution claim and whether Morgan County had probable cause to pursue a code enforcement action against May given the Georgia Supreme Court's ultimate ruling. But the other important issue—which turns out to be dispositive and which May barely addressed in her briefing—is whether *Morgan County* subjected May to a Fourth Amendment seizure. In general, the Fourth Amendment focuses on restraining law enforcement action before judicial process. But a malicious prosecution claim "requires a seizure 'pursuant to legal process'"— essentially, a warrant-based seizure or a seizure following a probable cause hearing. *Williams*, 965 F.3d 1147, 1158 (11th Cir. 2020) (quoting *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016)). "A Fourth Amendment violation involving these seizures occurs 'when legal process itself goes wrong—

14

when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements.'" *Id.* (quoting *Manuel v. City of Joliet*, 137 S. Ct. 911, 918 (2017)). In such cases, the person "is confined without constitutionally adequate justification" because "[l]egal process has gone forward, but it has done nothing to satisfy the Fourth Amendment's probable-cause requirement." *Manuel*, 137 S. Ct. at 918-19.

A "seizure" occurs when a person is subjected to a significant deprivation of liberty. Being arrested and put in jail is the quintessential seizure.[3] Normal pretrial release conditions do not amount to a seizure "barring some significant, ongoing deprivation of liberty, such as a restriction on the defendant's right to travel interstate." *Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004), *abrogated on other grounds by Williams*, 965 F.3d 1147 (11th Cir. 2020). Here, a Morgan County code enforcement officer issued a citation to May but did not arrest her. Morgan County pursued a code enforcement action against May in the Superior Court, but no Morgan County official ever arrested her or confined her.

---

[3] The malicious prosecution cases May primarily relies upon all involved arrests. *See Barnett*, 956 F.3d at 1297 (driver arrested and held in jail for eight hours despite posting bond and having a blood alcohol level of zero); *Blue*, 901 F.3d at 1356 (suspect arrested for aggravated assault); *Cooper v. Dillon*, 403 F.3d 1208, 1212 (11th Cir. 2005) (newspaper publisher arrested and held in jail under unconstitutional statute).

15

Rather, May was seized when she was handcuffed and taken to jail after the Superior Court judge found her guilty of a zoning violation and sentenced her to jail.  It is not clear to the Court that this seizure implicates the Fourth Amendment; the Supreme Court has noted that "once a trial has occurred, the Fourth Amendment drops out: A person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment." *Manuel*, 137 S. Ct. at 920 n.8.

Even if May's confinement following her conviction and sentence was a "seizure" within the meaning of the Fourth Amendment, May did not establish that *Morgan County* was the moving force behind the seizure.  May argues in broad brushes that Morgan County seized her and pursued her prosecution for years.  She contends that the county's ordinances were a moving force behind her seizure because without the ordinances and Morgan County's decision to prosecute the code enforcement action, there would not have been any conviction or sentence. While a law enforcement officer who pursues an arrest is not shielded from Fourth Amendment liability under § 1983 if he lies to a judge, bribes a judge, or places undue pressure on a judge, a law enforcement officer is not liable for a Fourth Amendment seizure based on the intervening acts of a judge who convicts and sentences a suspect.  *Barts v. Joyner*, 865 F.2d 1187, 1195–

16

96 (11th Cir. 1989).⁴  That is because the decisions to convict and sentence "are independent from and involve considerations different from the original decision to arrest and result in different harm to a person than the harm caused by the original arrest." *Id.* at 1196.

There is no allegation that any Morgan County officials lied to the Superior Court judge or committed other misconduct to influence her decision. Instead, the present record establishes that May, who was represented by counsel, filed a motion to dismiss the citation based on her grandfathering affirmative defense. May argued to the Superior Court judge that she did not violate the 2010 ordinance because she had a grandfathered right to continue short-term rentals. The Superior Court judge considered that argument and rejected the affirmative defense, which turned out to be a mistake of law that the appellate courts later recognized. The Superior Court judge considered the evidence that was presented to her, including May's testimony. Based on her mistaken interpretation of the law and the evidence before her, the Superior Court judge declared May guilty of violating the ordinance. The Superior Court judge decided to sentence May to time in jail. May was

---

⁴ This rule assumes, of course, that the judge "acted without malice that caused them to abuse their powers." *Barts*, 865 F.2d at 1195. May presented no evidence that the Superior Court judge who convicted her and sentenced her acted with malice. Rather, the present record suggests that the judge simply made a mistake of law.

17

not taken into custody until after her conviction and sentence by the Superior Court judge. Detention pursuant to a conviction under these circumstances does not implicate the Fourth Amendment's prohibition against unreasonable seizures. May points to no other seizure supporting her claim.

The Court also finds persuasive Morgan County's argument that the Superior Court judge's action was an intervening cause that broke the chain of causation. May correctly points out that a magistrate judge's probable cause determination does not insulate an officer from applying for an arrest warrant if the warrant application is objectively unreasonable. *See Malley v. Briggs*, 475 U.S. 335, 345 (1986) (concluding that an officer was not entitled to qualified immunity on a false arrest claim where a reasonably well-trained officer in his position would have known that his warrant affidavit did not establish probable cause and that he should not have applied for it); *Cooper v. Dillon*, 403 F.3d 1208, 1222 (11th Cir. 2005) (concluding that municipal liability existed under § 1983 where the city's police chief—the city's "ultimate policymaker for police procedure"—arrested a newspaper publisher for violating a Florida statute that was later declared unconstitutional). But this case is not about a seizure caused by an objectively unreasonable warrant affidavit or lies during a probable cause hearing. It is a seizure following a conviction and sentence issued by a Superior

Court judge who independently analyzed the factual and legal issues and concluded, albeit erroneously, that May should be convicted and sentenced to jail.

Even if May's detention pursuant to the Superior Court judge's conviction constituted a Fourth Amendment seizure, May has failed to point to sufficient evidence that Morgan County was a moving force behind the alleged unlawful seizure. May pointed to no evidence to suggest that the Superior Court judge was a final policymaker for Morgan County. To the contrary, it is clear that the judge was exercising the "judicial power of *the state*." Ga. Const. art. VI, § 1, para. 1 (emphasis added). State law determines the powers and jurisdiction of Superior Courts, as well as duties and qualifications of Superior Court judges. *See* O.C.G.A. §§ 15-6-4 to -10. And the power held by counties does not extend to permit county control over "any court or the personnel thereof." Ga. Const. art. IX, § 2, para. 1(c)(7). Thus, the Ocmulgee Circuit Superior Court judge was not a final policymaker for Morgan County when she performed her judicial duties in Morgan County.

In summary, May's detention pursuant to the conviction of the Superior Court judge does not constitute an unlawful seizure under the Fourth Amendment. And even if it did, the present record does not support holding Morgan County liable for the Superior Court judge's conviction resulting in May's detention.

19

May's § 1983 malicious prosecution claim against Morgan County therefore fails.

## CONCLUSION

For the reasons set forth above, the county's summary judgment motion (ECF No. 60) is granted, and May's summary judgment motion (ECF No. 63) is denied.

IT IS SO ORDERED, this 16th day of December, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
